*Formatted for Electronic Distribution*                                                          *For Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
        **Lawrence Brodeur,**                                  Chapter 7 Case
                 **Debtor.**                                        # 08-10686

*Filed & Entered On Docket August 13, 2010*

_____

| Appearances: | Jess T. Schwidde, Esq.<br>Rutland, VT<br>*For Robert & Jacalyn Ambrozaitis* | Todd Taylor, Esq.<br>Burlington, VT<br>*For the Debtor* |
|---|---|---|
| | James B. Anderson, Esq.<br>Ryan Smith & Carbine, Ltd.<br>Rutland, VT<br>*For the Town of Hubbardton* | John R. Canney, III, Esq.<br>Rutland, VT<br>*Pro Se*<br>*Chapter 7 Trustee* |

**MEMORANDUM OF DECISION**
**DENYING MOTION TO VACATE CONFIRMATION ORDER AND OBTAIN RELIEF FROM STAY**

      The question presented in this case is whether a local taxing authority that has conducted a sale to collect delinquent taxes prior to the property owner filing for bankruptcy relief, and the successful bidder, are bound by a confirmation order that was entered before the debtor's redemption period expired, even if the debtor's confirmed plan fails to meet the statutory redemption requirements, if the taxing authority and successful bidder failed to file an objection to the plan or appeal the confirmation order.

      The taxing authority, the Town of Hubbardton, has joined with the party who was the successful bidder at the sale, Robert and Jacalyn Ambrozaitis (together, the "Movants") in a motion that seeks an order granting relief from stay so that the Town may convey a deed to the subject property to Mr. and Mrs. Ambrozaitis. In support of this motion, the Movants assert that Mr. Brodeur failed to redeem the property because he did not pay the full amount the property was sold for, plus interest, within one year of the sale (as required by the statute), and that his treatment of the town taxes in the confirmed chapter 13 plan does not satisfy the state redemption requirement. In the alternative, the Movants seek an order declaring the confirmation order void, based upon due process infirmities. For the reasons set forth below, the Court finds that Mr. Brodeur effectively redeemed the property through his chapter 13 plan, he provided the Movants with sufficient notice to satisfy due process requirements, the Movants are bound by the confirmation order, and the confirmation order is not void. Therefore, the Court denies the motion

1

in toto.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over the instant motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G) and (L).

## ISSUES PRESENTED

This contested matter presents four issues: (1) whether the confirmation order is void under Federal Rule of Civil Procedure 60(b); (2) whether the Debtor gave Mr. and Mrs. Ambrozaitis sufficient notice of his chapter 13 plan to satisfy due process; (3) whether the Debtor effectively redeemed the Camp property such that it is property of his bankruptcy estate; and (4) whether the Movants are entitled to relief from stay.

## FACTUAL BACKGROUND

Lawrence Brodeur (the "Debtor") filed a petition for chapter 13 relief on July 29, 2008 (doc. # 1), and filed a chapter 13 plan on September 10, 2008 (doc. # 14). The Debtor filed an amended plan on October 15, 2008 (doc. # 19), and a second amended plan on October 21, 2008 (doc. # 22). The Debtor indicated on schedule A of his petition that he is the owner in fee simple of a camp located at 224 Six Bux Way, Hubbardton, Vermont (the "Camp"), and that the Camp has a value of between $89,900 (the grand list value) and $130,000 (a realtor's estimate) (doc. # 13, p. 4). The Debtor indicated on schedule D of his petition that the Town holds a claim in the amount of $1,841 arising for property taxes the Debtor owed on the Camp, secured by a lien on the Camp. The Debtor's chapter 13 plan proposed to repay the Town the delinquent property taxes together with 5% interest over the life of the plan (doc. # 14, p. 2); this term was also included in the Debtor's amended plan (doc. # 19, p. 2) and his second amended plan (doc. # 22-2, p. 2). The Court held a hearing on October 23, 2008, at which the Debtor's second amended plan was confirmed subject to certain conditions regarding insurance. No objections were filed. The Court entered findings and an order confirming the Debtor's second amended plan on November 20, 2008, a date that was three months prior to the expiration of the redemption period (doc. # 24). See 32 V.S.A. § 5260.

Unbeknownst to the Debtor at the time of filing (doc. # 32, ¶ 1), the Camp had been the subject of a tax sale held on February 27, 2008 (doc. # 26, p. 1; doc. # 56, ¶ 1). Mr. and Mrs. Ambrozaitis paid $22,000 as the high bidders to the Town tax collector, of which $2,216.50 went to the Town to pay the property tax delinquency (doc. # 26, p. 2, ¶¶ 1–2). The Town tax collector held the balance in escrow in case the Debtor redeemed prior to the expiration of the one-year statutory redemption period under 32 V.S.A. § 5260 (doc. # 26, p. 2, ¶ 2; doc. # 56, ¶ 6).

2

On October 30, 2009, Mr. and Mrs. Ambrozaitis filed a motion to vacate the confirmation order and for relief from the automatic stay (doc. # 26), which was joined by the Town (doc. # 27).[1] The Debtor filed an objection to the motion on December 12, 2009 (doc. # 32). On December 14, 2009, the Movants filed a reply to the Debtor's objection (doc. # 33), which was also joined by the Town (doc. # 34).

The Debtor voluntarily converted his case to one under chapter 7 on January 2, 2010 (doc. ## 38, 41), and John R. Canney, III was appointed chapter 7 Trustee (the "Trustee"). On February 22, 2010, the Trustee filed an objection to the motion (doc. # 56). The Court held a hearing on March 23, 2010, and took the matter under advisement. On April 1, 2010, the Movants filed a letter providing additional information the Court requested at the hearing (doc. # 67).

### DISCUSSION

The Movants seek to vacate the November 20, 2008, confirmation order pursuant to Federal Rule of Civil Procedure 60(b)(4) on the basis that the order is void for lack of adequate notice to Mr. and Mrs. Ambrozaitis (doc. # 26, pp. 1, 8–11). Alternatively, the Movants seek relief from stay pursuant to 11 U.S.C. § 362(d)(2) on the basis that the Debtor lacks equity in the Camp, the Camp is not necessary to the Debtor's effective reorganization, and the Camp is not property of the estate (doc. # 26, pp. 1, 3–6, 11).

#### MOTION TO VACATE CONFIRMATION ORDER

Federal Rule of Civil Procedure 60(b)(4), as made applicable by Federal Rule of Bankruptcy Procedure 9024, provides that a court may grant relief to a party from a final judgment or order where the judgment is void. See Fed. R. Civ. P. 60(b)(4). The U.S. Supreme Court has recently provided clear guidance on this issue. See United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1376 (2010).[2]

In Espinosa, the Supreme Court begins with the premise that bankruptcy court orders confirming a proposed plan are final judgments, and goes on to observe that "[o]rdinarily, 'the finality of [a] Bankruptcy Court's orders following the conclusion of direct review' would 'stan[d] in the way of challenging [their] enforceability.'" Espinosa, 130 S. Ct. at 1376 (quoting Travelers Indemnity Co. v.

---

[1] As the Town joined the Movants' motion seeking to vacate the confirmation order and for relief from the automatic stay, the Court's discussion and resolution of the Movants' arguments apply equally to the Town's arguments.

[2] Although Espinosa concerns whether a student loan may be discharged "by declaration" in a confirmation order, its holding is pertinent as it articulates and defines the binding effect of confirmation orders on interested parties who receive sufficient notice.

3

Bailey, 129 S. Ct. 2195, 2198 (2009)).  The question before the Court in Espinosa was whether the confirmation order before it was void under Rule 60(b), and though the Court acknowledged that Rule 60(b) sets forth an exception to that finality, id. (citing Gonzalez v. Crosby, 545 U.S. 524, 529 (2005)), the Court emphasized that Rule 60(b) relief is extraordinary and should only be granted upon a showing of exceptional circumstances.  Di Vito v. Fidelity & Deposit Co., 361 F.2d 936, 938 (7th Cir. 1966). Espinosa also makes clear that Rule 60(b)(4) is available to avoid a judgment only "where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  Espinosa, 130 S. Ct. at 1376 (citations omitted).  Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Id. at 1379 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Accordingly, in order to adjudicate the Movants' Rule 60(b)(4) motion, this Court addresses whether the notice Mr. and Mrs. Ambrozaitis received in this case afforded them a sufficient opportunity to present objections to the Debtor's proposed plan.

The Debtor listed the Town as a secured creditor on schedule D of his petition (doc. # 13, p. 10), and included the Town on the Debtor's amended creditor matrix (doc. # 13, p. 43, filed on September 10, 2008).  On September 13, 2008, the Bankruptcy Noticing Center served on the Town notice of the confirmation hearing to be held on October 23, 2008 (doc. # 16), as well as a copy of the Debtor's proposed chapter 13 plan (doc. # 17).  By letter dated September 19, 2008, counsel for the Town notified Mr. and Mrs. Ambrozaitis of the Debtor's pending bankruptcy case, which included a copy of the notice of the confirmation hearing, and recommended that Mr. and Mrs. Ambrozaitis contact their attorney with respect to their interest in the Camp (doc. # 67, pp. 2–3).  There is no dispute that Mr. and Mrs. Ambrozaitis and the Town received actual notice of the Debtor's pending bankruptcy case and chapter 13 confirmation hearing (doc. # 67),[3]  or that Mr. and Mrs. Ambrozaitis were present at the confirmation hearing.[4]

Mr. and Mrs. Ambrozaitis' only remaining Rule 60(b)(4) argument is that the Debtor deprived them due process because he did not list them on his schedules or send them notice of the hearing or the

---

[3] At the March 23, 2010, hearing, the Town conceded that it would be bound by the plan because it failed to timely object to its confirmation, as it received actual notice.

[4] Mr. and Mrs. Ambrozaitis attended the confirmation hearing without counsel, and without noting their appearance or raising an objection to the plan.  They subsequently reported that they did nothing because they did not know "what to do or how to participate" (doc. # 67, p. 1).  This statement does not alter the legal impact of their failure to object.

4

proposed treatment of their claim (doc. # 26, p. 3 ¶ 10, p. 8–9).[5] The Movants are correct that under Federal Rule of Bankruptcy Procedure Rule 1009 and Vermont Local Bankruptcy Rule 1009-1, a debtor is required to give notice of any amendment of schedules or of the creditor matrix, and that in the present case, contrary to the rule requirements, the Debtor did not list the Town or Mr. and Mrs. Ambrozaitis as interested parties on his initial schedules (doc. # 1). However, when the Debtor amended his plan, schedules, and creditor matrix, he included the Town as an interested party (doc. # 13). He did not list Mr. and Mrs. Ambrozaitis, but there is no dispute that Mr. and Mrs. Ambrozaitis received actual notice directly from the Town. This narrows the issue to whether the Debtor's failure to provide Mr. and Mrs. Ambrozaitis with proper notice is a sufficient basis for Rule 60(b)(4) relief, when Mr. and Mrs. Ambrozaitis had actual notice from another party.

In Espinosa, the Supreme Court held that a debtor's failure to comply with procedural requirements is not determinative of due process. See Espinsoa, 129 S. Ct. at 1378. There, the moving creditor argued that the confirmation order should be declared void under Rule 60(b)(4) because it deprived the creditor of due process by discharging the interest due on its student loan debt without an adversary proceeding having been filed and without a finding of undue hardship. Id. at 1373. The Supreme Court rejected this argument and held that the requirement that a bankruptcy court make a finding of undue hardship in an adversary proceeding derives from the Federal Rules of Bankruptcy Procedure, and the deprivation of a right granted by a procedural rule does not amount to a violation of a creditor's constitutional right to due process. Id. at 1378. Rather, the Court looked to the facts of the case and found that since the creditor had received actual notice of the debtor's plan, its due process rights were not violated. Id. The Court also underscored the importance of the creditor's failure to object to the plan's proposed treatment of its claim before the plan was confirmed, and its failure to seek redress post-confirmation through an appeal of the confirmation order. Id. at 1374. The Court concluded that the confirmation order was not void under Rule 60(b)(4) because the creditor had failed to show any violation of its constitutional right to due process. Id. at 1378.

The facts here are remarkably similar to those of Espinosa. The Debtor may have fallen short in fulfillment of his procedural duties by failing to list Mr. and Mrs. Ambrozaitis in his petition and plan and failing to serve them directly with notice of his petition and plan, but this does not rise to the level of a violation of due process under Espinosa. Mr. and Mrs. Ambrozaitis' constitutional right to due process

---

[5] While the burden of establishing that a creditor has received appropriate notice usually rests with the debtor, In re Hairopoulos, 118 F.3d 1240 (11th Cir. 1997), in this case the Movants have conceded that they received actual notice from the Town and attended the confirmation hearing (doc. # 67).

was satisfied because they received actual notice of the Debtor's case. Moreover, like the creditor in Espinosa, they are now bound by the terms of the confirmation order because they failed to object to the Debtor's proposed treatment of their claim before the plan was confirmed and failed to file an appeal of the confirmation order. Accordingly, the Court finds that both Mr. and Mrs. Ambrozaitis and the Town received sufficient notice to satisfy due process requirements, and hence are not entitled to relief under Rule 60(b)(4).

## MOTION FOR RELIEF FROM STAY

The Movants alternatively seek relief from stay, pursuant to § 362(d)(2),[6] so that the Town may deliver to Mr. and Mrs. Ambrozaitis a tax collector's deed to the Camp (doc. # 26). To obtain this relief, the Movants must demonstrate that: 1) the Debtor lacks equity in the property; and 2) the property is not necessary to an effective reorganization. § 362(d)(A) and (B). The Movants bear the burden of proof on the issue of the Debtor's equity in the property, and the opposing party bears the burden of proof on all other issues. §362(g)(1) and (2). Before turning to these two criteria, however, the Court must determine whether, under the instant facts, the automatic stay even applies to the Camp. Section 362 applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." § 362(a)(3). Property of the estate includes, in relevant part, "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). Consequently, if the Debtor had no interest in the Camp on the date the Debtor filed his bankruptcy petition, then it is not property of the bankruptcy estate and not subject to the stay.

The tax sale of the Camp occurred on February 27, 2008 (doc. # 26, p. 1; doc. # 56, ¶ 1). Pursuant to 32 V.S.A. § 5260, the Debtor had a right to redeem the Camp until the expiration of the one-year redemption period, i.e., until February 27, 2009. The Debtor filed his bankruptcy petition on July 29, 2008 (doc. # 1), well before the expiration of the redemption period. The Debtor therefore had an interest in the Camp, namely his equitable right of redemption, as of the commencement of this case. See In re Coleman, No. 02-11603, 2003 WL 156140 (Bankr. D. Vt. Mar. 20, 2003) (holding that the debtor's right of redemption becomes property of the estate upon filing for bankruptcy). Thus, the Debtor's equitable right of redemption became property of the estate as of the commencement of the Debtor's bankruptcy case.

The Movants argue that, even if the Debtor had an interest in the Camp, via his right of

---

[6] All statutory citations refer to Title 11 United States Code (the "Bankruptcy Code") unless otherwise specified.

6

redemption, upon the filing of his case, the Debtor's interest expired post-petition and therefore it is no longer property of the bankruptcy estate or subject to the stay (doc. # 26, p.1).  They assert that the Debtor's failure to redeem the Camp within the one-year redemption period established by state statute, see 32 V.S.A. § 5260, extinguished any right the Debtor or the bankruptcy estate had and nothing in the plan or confirmation order alters that conclusion (doc. # 26, p. 1).  By contrast, the Trustee argues that since the Debtor retained an equitable right of redemption on the date of the bankruptcy filing, addressed the Town's claim in the plan, and obtained confirmation of the that plan, and the confirmation order is now final, the Debtor has effectively redeemed the Camp through his confirmed chapter 13 plan and the Camp is now property of the bankruptcy estate (doc. # 56, pp. 4–5).

     The Movants rely upon Westine v. Whitcomb, Clark & Moeser, 150 Vt. 9, 547 A.2d 1349 (Vt. 1988) to support their argument that the Debtor has not effectively redeemed the Camp.  In Westine, the Town of Rockingham sold a parcel of property to defendant Boylan, the successful bidder at a tax sale for $2,424.81.  The property owner conveyed his interest in the property to the plaintiffs Westine and Gordon.  Id. at 10.  The plaintiffs' attorney attempted to redeem the property by tendering payment to the town in the amount of $2,518.89, the amount bid at the tax sale plus interest at one percent per month.  Id. The town bookkeeper advised the attorney that in order to redeem the property the plaintiffs needed to pay an additional $200 because the interest due was actually twelve percent per month, not twelve percent per year.  Id.  The plaintiffs did not remit this additional sum to the town within the one-year redemption period, so the town issued the tax deed to defendant Boylan, the tax sale purchaser, at the expiration of the redemption period.  Id. at 11.  The Vermont Supreme Court ruled that the controlling statute, 32 V.S.A. § 5260, only authorizes tax collectors to issue a tax deed upon receipt of the money paid at the tax sale plus twelve percent interest.  Id. at 12.  The court concluded that because neither the property owner's transferees nor their attorney made a payment that included the full twelve percent per month interest, before the one-year statutory redemption period expired, the town had no duty to issue the deed to the plaintiffs and rather, was statutorily compelled to issue the tax deed to the successful purchaser, defendant Boylan, upon expiration of the redemption period.  Id.  It therefore ruled that the town had acted properly in issuing the tax deed to defendant purchaser because the plaintiff property owners had failed to satisfy the statutory requirement to pay the full amount due within one year.  Id.

     Here, the Movants argue that under Westine, the Debtor is prohibited from enlarging the one-year statutory redemption period and the Town must deliver the tax deed to Mr. and Mrs. Ambrozaitis because the Debtor did not pay the Town all taxes, penalties, and interest within the one-year redemption period (doc. # 26, p. 5).  However, Westine is distinguishable from the case at bar because Westine does not

7

involve a bankruptcy filing by the party who owed the taxes. Although state law may prohibit a party from enlarging the one-year redemption period, if that party files for bankruptcy relief, the Bankruptcy Code may permit or compel a different result. The Bankruptcy Code allows a debtor to modify a secured creditor's rights under certain circumstances. See §1322 (b)(2). The property owner here filed a chapter 13 case and the section governing plan provisions provides, in relevant part, that a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." § 1322(b)(2). The Camp is not the Debtor's principal residence.

The Debtor proposed a chapter 13 plan that modified the rights of the Town in three significant ways: 1) it allowed the Debtor to repay his delinquent property taxes with interest at the rate of five percent per year (rather than twelve percent per month); 2) it required him to repay only the amount of his delinquent property taxes rather than the full amount of the sale price; and 3) it allowed him to make the redemption payment over the sixty-month term of the plan (rather than within one year of the tax sale date) (doc # 22-2, p.2). As this Court found above, the Town and Mr. and Mrs. Ambrozaitis had actual notice of the Debtor's plan and of the confirmation hearing, neither these parties objected to the plan's treatment of the delinquent property taxes, and the Court entered an order confirming the Debtor's second amended chapter 13 plan on November 20, 2008 (doc. # 23), three months prior to the expiration of the redemption period under 32 V.S.A. § 5260. By virtue of the confirmation order, the Debtor effectively redeemed the Camp through his bankruptcy case, and brought that property into his bankruptcy estate. The confirmation order is final and thus is binding on both parties. § 1327(a); Espinosa, 130 S. Ct. at 1376.

Since the Camp is property of the estate, the Movants must establish grounds for relief under the two pronged test set forth in § 362(d) in order to obtain relief from stay. The first prong requires them to show that the Debtor has no equity in the Camp. § 362(g)(1). They have not done this. The record reflects that the Camp has a value of between $89,900 and $130,000 (doc. # 13, p. 4), and is encumbered only by the lien securing the delinquent property taxes in the amount of approximately $2,084 (doc. # 22-2, p. 2; doc. # 23). Thus, there is substantial equity in the Camp and the Movants are not entitled to relief from stay under section 362(d)(2).[7]

The Movants' only other argument is that relief from stay must be granted in order to protect Mr. and Mrs. Ambrozaitis' right to collect their $22,000 payment plus statutory interest (doc. # 60, p. 5). This

---

[7] Since the case is now pending under chapter 7, the effective reorganization prong of § 362(d)(2)(B) is no longer applicable.

8

argument is without merit. The Movants had an opportunity to protect this right when they received notice of the plan and confirmation hearing, and again when they received notice of entry of the confirmation order. The Movants failed to object to the plan and failed to appeal the confirmation order. See Espinosa, 130 S. Ct. at 1380. Thus, this argument fails.

## CONCLUSION

For the reasons set forth above, the Court denies Mr. and Mrs. Ambrozaitis' motion to vacate the confirmation order under Rule 60(b)(4) and also denies their motion for relief from the automatic stay. To the extent the Town joins in these motions, the Court likewise denies that relief to the Town.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

August 13, 2010  
Burlington, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge